UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

KATHLEEN LYNN FALTER, )
an individual, )
 )
 )   CASE NO.: 1:24-cv-24009
          Plaintiff, )
vs. )
 )
1747 BAY ROAD PROPERTIES, LLC, )
Florida Limited Liability Company, )
and )
TREMONT TOWING, INC., )
 )
          Defendant. )
_____)

**COMPLAINT**
**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff, KATHLEEN LYNN FALTER, by and through her undersigned counsel, hereby files this Complaint and sues 1747 BAY ROAD PROPERTIES, LLC, Florida Limited Liability Company and TREMONT TOWING, INC., a Florida corporation, for injunctive relief, attorneys' fees and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and alleges:

**JURISDICTION AND PARTIES**

1.   This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2.   Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and Rule 3.1, Local Rules of the United States District Court for the Southern District of Florida.

1

3. Plaintiff, KATHLEEN LYNN FALTER, (hereinafter referred to as "Ms. Falter") is a resident of the State of Florida in Miami-Dade County.

4. KATHLEEN LYNN FALTER is a qualified individual with a disability under the ADA. MS. FALTER is a level T-3 paraplegic.

5. Due to her disability, Plaintiff is substantially impaired in several major life activities including walking, standing and bending and requires a wheelchair for mobility.

6. Defendant, 1747 BAY ROAD PROPERTIES, LLC, a Florida Limited Liability Company, (hereinafter referred to as "Defendant"), is registered to do business in the State of Florida. Upon information and belief, Defendant is the owner of the real property and improvements which are the subject of this action, to wit: Tremont Towing, generally located at 1747 Bay Rd, Miami Beach, FL 33139 (the "Property"). Defendants are jointly responsible for complying with the obligations of the ADA.

7. Defendant, TREMONT TOWING, INC., a Florida Corporation, (hereinafter referred to as "Defendant"), is registered to do business in the State of Florida. Upon information and belief, Defendant is the tenant and operator of the real property and improvements which are the subject of this action, to wit: Tremont Towing, generally located at 1747 Bay Rd, Miami Beach, FL 33139 (the "Property"). Defendants are jointly responsible for complying with the obligations of the ADA.

8. All events giving rise to this lawsuit occurred in the Southern District of Florida, in Miami-Dade County, Florida.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

9. Plaintiff realleges and reavers the preceding paragraphs as if they were expressly restated herein.

10. The business at the Property, which includes a towing service company, is a place of public accommodation and is subject to the ADA.

11. Plaintiff resides in South Miami and regularly frequents the South Beach neighborhood where the Property/Tremont Towing is located to meet with friends, eat at restaurants, shop and attend events. Consequently, Plaintiff is regularly in the area where the Defendant's tow trucks operate.

12. In late September 2024, Ms. Falter and several friends drove to South Beach to eat at Smith & Wollensky, a restaurant located on Washington Avenue. They parked the vehicle on Collins Avenue near 4th street and paid the meter. However, when they left the restaurant and returned to their vehicle, the car had been towed away by Defendant and impounded at Defendant's Property.

13. Plaintiff and her friends then went to the Defendant's Property to pay any fines and retrieve the vehicle. Plaintiff intended to enter Defendant's Property to make a cash withdrawal at the ATM located inside, to assist with payment and to retrieve the vehicle. However, Plaintiff could not enter the Tremont Towing business because it lacks an accessible entrance. Moreover, the Tremont Towing employee inside refused to come out to assist her and did not offer a portable ramp or other alternative means for Plaintiff to access the business.

14. Plaintiff regularly visits the immediate area where the Defendants' operate their tow trucks and remains under constant treat of injury if forced to return to the Defendant's Property in the future due to their failure to maintain accessible facilities for persons in wheelchairs such as herself. Moreover, due to the barriers to access including the lack of an accessible entry, Plaintiff

is currently deterred from visiting the Property in the future unless/until the barriers to access are removed. This is especially troubling because, in the event of an emergency such as a vehicle breakdown or accident, Plaintiff would like to use the Defendants' voluntary towing services if the Property was accessible.

15. However, during her unpleasant visit to the Defendants' Property, Plaintiff encountered serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed in this Complaint.

16. Moreover, Plaintiff fears that she will be subjected to the same architectural barriers which remain at the Property in violation of the ADA if she were to return to the Defendants' Property.

17. Defendant is in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.304 *et seq*. and is discriminating against Plaintiff due to, but not limited to, the following barriers to access which Plaintiff personally encountered and which prevented her equal access:

    A. Plaintiff personally encountered an inaccessible front entrance to the Property due to a step up in front of the door without a ramp, lift or other alternate means of access into the store. Due to this condition, Plaintiff was unable to enter the business, could not use the ATM provided inside and could not assist in the payment of the fine or retrieval of the vehicle.

    B. Additionally, the side of the building has a second entrance which also has a step up at the doorway which similarly prevents Plaintiff from entering the business.

    C. Plaintiff personally encountered an inaccessible sidewalk to the left of the front entrance due to running slopes in excess of 5%, a rise in excess of 6 inches and a lack of handrails along the ramp. These conditions created a dangerous falling hazard for the

Plaintiff as she attempted to maneuver over the sidewalks to the Property entrance. This issue also compounds the step-up condition directly in front of the entrance.

        D.    Although Plaintiff could not physically enter the Property due to the step up at the doorway, she observed that the service/payment counter was not wheelchair accessible due to excessive height.

18.    To date, the barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

16.    Although Plaintiff is currently deterred from returning to the Property due to the barriers to access, Plaintiff may be forced to return to the Property in the event her vehicle is towed (or a companion's vehicle is towed) or she may have no choice but to use them in the event her vehicle breaks down. Additionally, Plaintiff intends to return as an ADA tester to determine whether the barriers to access stated herein have been removed.

17.    Removal of the barriers to access located on the Property is readily achievable, structurally feasible, and easily accomplishable without placing an undue burden on Defendant.

18.    Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

19.    Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorneys' fees, costs, and expenses paid by Defendant pursuant to 42 U.S.C. § 12205.

WHEREFORE, Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

        A.    That this Court declares that the Property owned, leased, and/or operated by Defendants is in violation of the ADA;

B. That this Court enter an Order directing Defendants to alter their Property to make it accessible to, and useable by, individuals with disabilities to the full extent required by Title III of the ADA;

C. That this Court enter an Order directing Defendants to evaluate and neutralize their policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendants to undertake and complete corrective procedures;

D. That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to Plaintiff; and

E. That this Court awards such other and further relief as it deems necessary, just and proper.

Date: October 17, 2024.

Respectfully Submitted,

KU & MUSSMAN, P.A.
18501 Pines Blvd, Suite 362
Pembroke Pines, Florida 33029
Tel: (305) 891-1322
Fax: (954) 686-3976
Louis@kumussman.com

By: */s/ Louis I. Mussman*
Louis I. Mussman, Esq. (Lead Counsel)
(FL Bar # 597155)
Brian T. Ku, Esq.
(FL Bar #: 610461)